Eugene NOTTLEMANN, Appellant,

v.

Harold WELDING, Sheriff Cuming County, Harold Obermeyer, Sheriff, Thurston County, Robert Spire, Attorney General, State of Nebraska, Appellees.

No. 88–1311.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 18, 1988.
Decided Nov. 23, 1988.

**1088**

Bernard J. Glaser, Jr., Lincoln, Neb., for appellant.

Thomas B. Donner, West Point, Neb., and Linda L. Willard, Asst. Atty. Gen., Lincoln, Neb., for appellees.

Before LAY, Chief Judge, FLOYD R. GIBSON, Senior Circuit Judge, and WOLLMAN, Circuit Judge.

PER CURIAM.

Eugene Nottlemann appeals from the district court's[1] dismissal of his petition for a writ of habeas corpus. We dismiss the appeal for appellant's failure to exhaust his state remedies.

On December 8, 1986, Eugene Nottlemann appeared before a Nebraska district court on the charge of theft by unlawful taking or disposition. Neb.Rev.Stat. § 28–511 (1985). The court was advised of a plea agreement under which Nottlemann was to plead guilty and the State would reduce the charge from a low-grade felony to a misdemeanor. The county attorney had further agreed to remain silent during the proceedings except to provide the probation officer with certain necessary documents. The court ruled that a misdemeanor probation report was unnecessary and further announced that the plea agreement would be rejected unless the court was permitted to question the county attorney about Nottlemann's past criminal

record. Nottlemann nonetheless decided to enter a guilty plea and the sentencing proceedings went forward. During these proceedings, the court permitted the county attorney to make an off-the-record statement prior to sentencing. Nottlemann was eventually sentenced to thirty days in jail and a $1,000 fine. Nottlemann appealed the conviction on the grounds that the county attorney breached the plea agreement and the sentence had been unconstitutionally imposed.

Nottlemann's conviction was affirmed by the Nebraska Supreme Court on July 8, 1987. He subsequently failed to file a timely motion for rehearing but did file a motion for rehearing and extension of time five days after the July 15, 1987, deadline.[2] After this motion was denied, Nottlemann filed a petition for a writ of habeas corpus in federal district court. On January 26, 1988, the court adopted the magistrate's[3] recommendation to deny the petition on the grounds that Nottlemann had failed to exhaust state remedies and could not demonstrate "cause and prejudice" as required to lift the procedural bar to his claims.

On October 18, 1988, the parties submitted to this court a joint Stipulation for Remand of this case to the district court with the request that further proceedings be stayed pending Nottlemann's exhaustion of state remedies. We deny the parties' motion.

We decline to stay the proceedings in the district court. When a petitioner fails to exhaust state remedies in a habeas corpus action it is not necessary or proper for the federal court to retain jurisdiction. 28 U.S.C. § 2254(b) (1982). Federal courts must decline to exercise jurisdiction until such time that state remedies are exhausted. This appeal is therefore dis-

1. The Honorable Warren K. Urbom, United States District Judge for the District of Nebraska.

2. Nottlemann asserts that the cause of his failure to file a timely motion for rehearing with the Nebraska Supreme Court was delayed notice due to an improperly addressed envelope from his attorney. The State notes that in making this argument in federal court Nottlemann failed to provide authenticated copies of the

correspondence. The State further argues that Nottlemann's delay may not be excused in any event because Nebraska appellate rules simply do not permit any extension of time in which to file the motion for rehearing. Neb.Sup.Ct.R. 13(A).

3. The Honorable David L. Piester, United States Magistrate for the District of Nebraska.

missed for appellant's failure to exhaust state remedies.