**Stacy Mechelle SIMPSON, Appellee,**

v.

**Donald M. CAMPER, Appellant.**

**No. 90–2225WM.**

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 19, 1990.

Decided March 4, 1991.

William Webster, Jefferson City, Mo., for appellant.

Lawrence H. Pelofsky, Overland Park, Kan., for appellee.

Before ARNOLD and FAGG, Circuit Judges, and McMILLAN,* Senior District Judge.

ARNOLD, Circuit Judge.

This is a petition for habeas corpus brought by Stacy Mechelle Simpson. The petitioner was originally charged, in the Circuit Court of Jasper County, Missouri, with first-degree murder in connection with the shooting death of her mother. Pursuant to a plea agreement executed September 16, 1986, Ms. Simpson entered an *Alford* plea of guilty[1] to the reduced charge of manslaughter. Shortly afterward, before the Circuit Court passed sentence, Ms. Simpson dismissed her attorney and petitioned the Court to allow her to withdraw her plea and proceed to trial. She was not allowed to change her plea, however, and on November 3, 1986, the Court sentenced her to eleven years in the Missouri State Penitentiary, thereby rejecting a recommendation in the plea agreement that she receive five years' probation.

---

* The Hon. James B. McMillan, Senior United States District Judge for the Western District of North Carolina, sitting by designation.

1. So-called from *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). By entering an *Alford* plea, which is similar to a plea of nolo contendere, a defendant assents to a charge without admitting guilt.

Petitioner was fourteen years old at the time of her mother's death; she was fifteen when she entered the plea agreement. She was charged as an adult in the proceedings at issue in this habeas petition.

Ms. Simpson's primary contention in her federal habeas petition is that she should have been allowed to withdraw her plea and be tried by a jury on the charge against her. The District Court granted the writ of habeas corpus, concluding that the plea was involuntary and was entered unknowingly. The Court cited several factors that influenced its decision, including petitioner's age, pressure from family members, and her confusion about the significance of an *Alford* plea. In addition, the Court believed Ms. Simpson was induced to plead guilty by promises of probation from her attorney. The District Court conditioned its grant of the writ of habeas corpus on the State's allowing petitioner to withdraw her plea and be tried on the murder charge within 60 days of the issuance of its order. If the State chose not to afford her a jury trial, the conditional issuance of the writ would become unconditional and permanent. The State of Missouri has appealed that order to this Court. For reasons to follow, we do not determine at this time whether the writ of habeas corpus was appropriately granted. Rather, we will hold this appeal in abeyance pending a further proceeding before the Missouri Court of Appeals.

The substance of Ms. Simpson's claims has never been presented to the Missouri state courts, and if any avenue remains open for her to do so, the District Court's exercise of jurisdiction in this matter was inappropriate. *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). Simpson's direct appeal from the Circuit Court's denial of her motion to withdraw her plea was dismissed on May 1, 1987, for failure to file a record. Other attempts to present her claims to Missouri state courts, the details of which are not important at this time, were also unsuccessful. To avoid a procedural bar to her federal habeas petition, Ms. Simpson argues that the failure of her attorney to file a record on direct appeal was ineffective assistance of counsel, in violation of her Sixth Amendment rights. The District Court agreed that petitioner received ineffective assistance of counsel on her direct appeal, excusing any procedural default under the "cause" and "prejudice" requirements of *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

The State claims, however, that petitioner's remedy for ineffective assistance of counsel on appeal under state law is a motion to recall the mandate, a remedy the State claims is still available. The District Court agreed with the State that a motion to recall the mandate was a proper remedy, but thought such a motion would be futile: "That procedure at this point in time would not provide an effective remedy to petitioner, in light of the time which has expired since the original conviction challenged herein." 743 F.Supp. 1342, 1345 (W.D.Mo. 1990). We have reviewed the Missouri cases presented by the State on this issue. We cannot conclude, as did the District Court, that a motion to recall the mandate would not be entertained by the Missouri Court of Appeals. We simply are not sure what that Court would do in this case. Whether a state remedy is presently available is a question of state law as to which only the state courts may speak with final authority. *Thomas v. Wyrick*, 622 F.2d 411, 414 (8th Cir.1980). We see no reason why the suggested state procedure, if it works, would be any less effective, on account of the passage of time, than this federal habeas proceeding.

Because we cannot conclude that Ms. Simpson's state remedies have been exhausted, we do not reach the merits of the District Court's decision. We therefore hold this appeal in abeyance to allow petitioner an opportunity to petition the Missouri Court of Appeals to recall its mandate. If the state courts hear Ms. Simpson's claims on the merits and decide in her favor, this proceeding, and the grant of the writ by the District Court, will be moot. If the Missouri courts hear Ms. Simpson's claims on the merits and decide against her, we will then review the merits of her habeas petition, as determined by

the District Court. If the Missouri Court of Appeals declines to reach the merits of petitioner's claims because of a procedural default, state remedies clearly will have been exhausted. In that event, this Court would review the District Court's determination that Ms. Simpson's petition is not barred by procedural default. During this time, Ms. Simpson is to remain free of state custody under the same conditions currently in effect by order of the District Court.

If within 60 days of the filing of this opinion petitioner does not request that the Missouri Court of Appeals recall its mandate, the State will be free to petition this Court for a remand of the matter to the District Court, with instructions to dismiss her habeas petition without prejudice, for failure to exhaust state remedies.[2]

We take this action because, as in *Thomas v. Wyrick, supra,* "[o]nly in this way can the question whether [Ms. Simpson] has a presently available state remedy be put to rest with legal certainty." 622 F.2d at 414.

We note that, under *Harris v. Reed,* 489 U.S. 255, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989), this Court will not presume that a denial of Ms. Simpson's motion to recall the mandate rests on state-law procedural grounds unless the denial contains a "plain statement" that this is so. Any ambiguity on this point will negate the State's claim that Ms. Simpson is procedurally barred from federal habeas relief, and will permit this Court to consider the correctness of the District Court's disposition of the writ on its merits.

This appeal will be held in abeyance pending the outcome of a motion to recall the mandate in the Missouri Court of Appeals. Counsel for the appellant Camper is requested to keep us advised of any action in that proceeding.

It is so ordered.

2. We remind the parties that, by an order of this Court entered October 8, 1990, Ms. Simpson's appointed attorney, Lawrence H. Pelofsky, was relieved of his appointment as of the date petitioner's brief was filed. We will appoint new counsel for petitioner if she requests it soon enough to avoid unreasonable delay in further proceedings.