Melvin L. TYLER, Appellant,

v.

Donald WYRICK, Appellee.

No. 83–1970.

United States Court of Appeals, Eighth Circuit.

Submitted March 26, 1984.

Decided April 2, 1984.

Rehearing and Rehearing En Banc Denied April 25, 1984.

the discovery order when the complaint was dismissed. *Rogers* and *Edgar* provide no support for Hart's argument.

Melvin Leroy Tyler, pro se.

John Ashcroft, Atty. Gen., Philip M. Koppe, Asst. Atty. Gen., Kansas City, Mo., for appellee.

Before ROSS, McMILLIAN and FAGG, Circuit Judges.

PER CURIAM.

Melvin L. Tyler appeals pro se from the district court's[1] dismissal of his pro se amended petition for writ of habeas corpus brought under 28 U.S.C. § 2254. The district court found that appellant had failed to exhaust available state remedies concerning his challenge to the method of selection of bystander jurors and therefore dismissed the entire petition pursuant to *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). In *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982) the Supreme Court held that a federal court must dismiss a state habeas petition that contains both exhausted and unexhausted claims.[2] We affirm.

Appellant, an inmate at the Missouri State Penitentiary, was convicted by a jury of robbery, rape, kidnapping, and armed criminal action. The Missouri Court of Appeals affirmed the convictions. *State v. Tyler*, 587 S.W.2d 918 (Mo.App.1979). Motions for rehearing and transfer to the Missouri Supreme Court were denied.

In order to exhaust a federal claim, a "habeas petitioner [must] provide the state courts with a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim." *Anderson v. Harless*, 459 U.S. 4, —, 103 S.Ct. 276, 277, 74 L.Ed.2d 3 (1982) (per curiam) (citation omitted). "It is not enough that all the facts necessary to support the federal claim are before the state courts ... or that a somewhat similar state-law claim was made." On direct appeal appellant did not raise an issue concerning the selection of the bystander jurors in his two pro se briefs. In addition, appointed counsel argued that the selection of the jurors violated state statute. The Missouri Court of Appeals found that the selection of the bystander jurors did not violate state law. *State v. Tyler*, 587 S.W.2d at 923–24.

Appellant contends that he presented his federal claim to the state appellate court by filing a motion to recall the mandate, which apprised the court of *Henson v. Wyrick*, 634 F.2d 1080 (8th Cir.1980), *cert. denied*, 450 U.S. 958, 101 S.Ct. 1417, 67 L.Ed.2d 383 (1981). In *Henson*, this court held that a defendant was denied due process because the sheriff who was in charge of the criminal investigation selected his acquaintances to serve on the jury panel. The state court denied the motion in a one-line letter.

The district court correctly rejected this argument. In *Smith v. Wyrick*, 693 F.2d 808 (8th Cir.1982) (per curiam), *cert. denied*, — U.S. —, 103 S.Ct. 1277, 75 L.Ed.2d 497 (1983), this court explained that "[a] Missouri petitioner can use a motion to recall the mandate only if the appellate court retains unique knowledge necessary to the disposition of a claim of ineffective assistance of appellate counsel and an evidentiary hearing is unnecessary to the disposition of the claim." *Id.* at 809–10 (citing *Morris v. State*, 603 S.W.2d 938, 941 (Mo.1980) (en banc)). However, "[w]hen a Missouri petitioner's claim raises factual questions that cannot be resolved without a hearing, he must put the issue before a trial court on a Missouri Rule 27.26 motion for post-conviction relief." 693 F.2d at 810.

Appellant has not presented the constitutional implications of his bystander juror claim in a Rule 27.26 motion. We find

---

1. The Honorable Joseph E. Stevens, Jr., United States District Judge for the Western District of Missouri.

2. In *Graham v. Solem*, 728 F.2d 1533, 1538 (8th Cir.1984) (en banc) this court held that *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), is to be applied retroactively.

no error in the district court's determination that there is no clear indication on the record that the state court will not entertain appellant's claim in a Rule 27.26 motion. *See Powell v. Wyrick,* 657 F.2d 222, 224 (8th Cir.1981).

We have considered appellant's other arguments and find them to be without merit. Accordingly, we affirm the judgment of the district court.