**Doyle J. WILLIAMS, Appellant,**

v.

**Donald WYRICK, Appellee.**

**No. 84–1649.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 15, 1985.
Decided June 6, 1985.

despite your limitations."

Charles W. German, Kansas City, Mo., for appellant.

John M. Morris, Jefferson City, Mo., for appellee.

Before BRIGHT, ARNOLD, and BOWMAN, Circuit Judges.

PER CURIAM.

Doyle James Williams, a state prisoner under sentence of death for capital murder, appeals from the district court's [1] dismissal of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 for failure to exhaust available state remedies. For reversal, Williams argues that he satisfied the exhaustion requirement by filing motions to recall the mandate in the Missouri Supreme Court. Alternatively, Williams contends that even if he failed to exhaust state remedies, the district court should have entered a stay of execution and retained jurisdiction while litigation proceeded in state court. We affirm the dismissal of the writ.

## I. BACKGROUND.

In September 1981, a jury found Williams guilty of capital murder and sentenced him to death. The Missouri Supreme Court affirmed his conviction and sentence. *State v. Williams*, 652 S.W.2d 102 (Mo.1983). Thereafter, Williams filed the present petition for a writ of habeas corpus. As amended, his petition asserts six grounds for relief. In its response to the petition, the State pointed out that Williams had failed to exhaust available state remedies on all grounds presented as required by *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).

At that point, with his habeas petition pending, Williams filed three pro se motions to recall the mandate in the Missouri Supreme Court. In the first two motions, Williams alleged that he was denied effective assistance of counsel on direct appeal because his attorney failed to raise several of the constitutional violations Williams now asserts in his habeas petition. In his third motion, Williams asked the Missouri Supreme Court to consider all points of error presented in his amended habeas petition. The Missouri Supreme Court summarily denied all three motions without comment in separate one-line orders. Williams then argued in district court that he had satisfied the exhaustion requirement of section 2254 because he had presented all grounds asserted in his habeas petition to the Missouri Supreme Court either on di-

---

1. The Honorable D. Brook Bartlett, United States District Judge for the Western District of Missouri.

rect appeal or in one or more of his motions to recall the mandate.

In an order entered on March 2, 1984, the district court held that Williams had exhausted two of the claims in his amended habeas petition by presenting them to the Missouri Supreme Court on direct appeal, but that he had failed to exhaust state remedies on his four remaining claims.[2] The court rejected Williams' contention that his motions to recall the mandate, summarily dismissed by the state supreme court, were sufficient to satisfy the exhaustion requirement. Noting that *Rose v. Lundy, supra,* requires federal courts to dismiss state habeas petitions containing both exhausted and unexhausted claims, the court dismissed Williams' mixed petition without prejudice. This appeal followed.

## II. DISCUSSION.

### A. Exhaustion.

Williams argues that the district court erred in dismissing his petition because he fairly presented all of his federal constitutional claims to the Missouri Supreme Court and gave that court a fair opportunity to consider the merits of his claims. Relying on language in *State v. Thompson,* 659 S.W.2d 766, 769 (Mo.1983) (en banc), recognizing "that a mandate may be recalled in order to remedy a deprivation of the federal constitutional rights of a criminal defendant," Williams contends that he used proper state procedure to exhaust the constitutional claims not raised on direct appeal.

■ In rejecting this argument, the district court concluded that in *Thompson,* the Missouri Supreme Court did not approve the use of motions to recall the mandate as a vehicle for presenting the merits of all constitutional claims not raised on direct appeal. Rather, *Thompson* reiterates the

long-recognized and limited uses of that remedy, for example, where the appellate court has the unique knowledge necessary to dispose of a claim of ineffective assistance of appellate counsel, or where a conflict exists between a decision of a Missouri appellate court and the United States Supreme Court. *See id.; Morris v. State,* 603 S.W.2d 938, 941 (Mo.1980) (en banc). *See also Tyler v. Wyrick,* 730 F.2d 1209, 1210 (8th Cir.) (per curiam), *cert. denied,* —— U.S. ——, 105 S.Ct. 138, 83 L.Ed.2d 78 (1984). This court gives great weight to the conclusions of district judges on questions of state law. *Bergstrom v. Sambo's Restaurants, Inc.,* 687 F.2d 1250, 1255 (8th Cir.1982); *Noll v. People of State of Nebraska,* 537 F.2d 967, 969 n. 3 (8th Cir. 1976). Moreover, we agree with the district court that Williams' motions to recall the mandate were neither an appropriate nor adequate means of exhausting state remedies with respect to all the claims asserted in his habeas petition. The established Missouri procedure for obtaining post-conviction relief is to file a motion pursuant to Missouri Supreme Court Rule 27.26. Williams' motions to recall the mandate were, as the district court noted, an apparent attempt to circumvent the Rule 27.26 procedure.[3]

■ Nor can we say, in the circumstances, that the Missouri Supreme Court based its unexplained summary denial of Williams' motions on an evaluation of the merits of his claims, rather than on procedural grounds. *See White v. Wyrick,* 432 F.Supp. 1316, 1317 (W.D.Mo.1977), *aff'd,* 651 F.2d 597 (8th Cir.), *cert. denied,* 454 U.S. 1058, 102 S.Ct. 608, 70 L.Ed.2d 596 (1981) (suggesting that the state court's summary disposition was probably on procedural grounds). Accordingly, we find no error in the district court's dismissal of Williams' petition for failure to exhaust state remedies.

---

**2.** The district court pointed out that Williams had presented two of the unexhausted claims on appeal as trial errors only, not as federal constitutional violations, and that he had not raised the other two grounds on direct appeal in any form.

**3.** The record before the court reflects that Williams now has a Rule 27.26 motion pending in the state courts, which includes claims asserted in his habeas petition as well as a number of additional claims.

### B. Retaining Jurisdiction in Federal Court.

 Alternatively, Williams argues that even if he failed to exhaust state remedies, the district court should have entered a stay of execution and retained jurisdiction while litigation proceeded in the state courts. Although, as petitioner notes, federal courts may retain jurisdiction and hold a case in abeyance pending exhaustion of state remedies, *see, e.g., Collins v. Lockhart*, 707 F.2d 341, 344 (8th Cir.1983), they are not required to do so. It is not apparent from the record before this court that the state has set an execution date in this case, and, in any event, Williams does not deny that the Missouri Supreme Court has available procedures for obtaining stays of execution pending completion of post-conviction proceedings. We believe this is a matter appropriately handled by the state courts at this juncture.

Accordingly, we affirm the district court's dismissal of this action.