**Raymond D. IRWIN, Appellant,**

v.

**STATE OF MINNESOTA, Appellee.**

No. 87–5002.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 1, 1987.

Decided Sept. 29, 1987.

Jonathan E. Fruchtman, Minneapolis, Minn., for appellant.

Daniel A. Klint, Anoka, Minn., for appellee.

Before LAY, Chief Judge, HENLEY, Senior Circuit Judge, and MAGILL, Circuit Judge.

PER CURIAM.

Raymond D. Irwin appeals from the district court's [1] order dismissing his petition for a writ of habeas corpus. The district court dismissed Irwin's petition because he failed to exhaust his available state remedies. We affirm.

Appellant was convicted by a jury in state district court of two counts of criminal sexual conduct, one count of burglary, and one count of assault. Appellant's conviction arose out of a nighttime sexual assault he allegedly perpetrated on a minor female victim. The details of the assault are not relevant to this appeal.

On direct appeal from his conviction appellant was represented by an assistant state public defender. The public defender briefed five issues on appeal. Appellant filed a pro se brief raising four issues which the public defender chose not to address.[2] The Minnesota Court of Appeals

---

1. The Honorable Harry H. MacLaughlin, United States District Judge, District of Minnesota.

2. A procedure of advising criminal defendants to file pro se briefs raising issues which their

attorneys chose not to include because they may detract from more meritorious issues has been approved by the Minnesota Supreme Court. *Case v. State,* 364 N.W.2d 797, 800 (Minn.1985).

affirmed the conviction. *State v. Irwin,* 379 N.W.2d 110 (Minn.Ct.App.1985). Further review was denied by the Minnesota Supreme Court.

On May 28, 1986 appellant filed a pro se petition for a writ of habeas corpus in the United States District Court. In his petition appellant raised issues that had been appealed to the Minnesota Court of Appeals together with other alleged errors which had not been raised by either appellant or his attorney on direct appeal. Appellant also alleged in his habeas petition ineffective assistance of counsel on his direct appeal. The district court dismissed appellant's petition because it included claims that the district court found had not been exhausted.

■ Before a federal court will grant relief on a petition for writ of habeas corpus, the petitioner must demonstrate that he has exhausted the available state remedies. *Anderson v. Harless,* 459 U.S. 4, 6, 103 S.Ct. 276, 277, 74 L.Ed.2d 3 (1982); *Tyler v. Gunter,* 819 F.2d 869, 870–871 (8th Cir.1987). Minnesota has provided a statutory post-conviction remedy. Minn.Stat. §§ 590.01–.06. State post-conviction relief is not available for claims known at the time of or raised on direct appeal. *Case,* 364 N.W.2d at 799. A claim may be raised in a state post-conviction proceeding, however, if "its legal basis was not reasonably available to counsel at the time the direct appeal was taken...." *Id.* at 800. Accordingly, appellee contends that Irwin must first present his claims in a state post-conviction proceeding to allow the state court to rule on the availability of the *Case* exception. *Cf. Lindner v. Wyrick,* 644 F.2d 724, 727 (8th Cir.), *cert. denied,* 454 U.S. 872, 102 S.Ct. 345, 70 L.Ed.2d 178 (1981) (where state review of claims is not "absolutely foreclosed," state remedies have not been exhausted). However, because appellant's claims include ineffectiveness of his appellate counsel, we do not reach this issue.

The Minnesota appellate courts have recognized that a claim of ineffectiveness of appellate counsel cannot, by its nature, be reasonably expected to be made on direct appeal. *Garasha v. State,* 393 N.W.2d 20, 22 (Minn.Ct.App.1986). Thus, post-conviction consideration of this claim is available to appellant without regard to the *Case* exception.[3] Because appellant's petition contains both exhausted and unexhausted claims, the district court's order dismissing Irwin's petition is affirmed. *Rose v. Lundy,* 455 U.S. 509, 522, 102 S.Ct. 1198, 1205, 71 L.Ed.2d 379 (1982).

---

**3.** Appellant argues that post-conviction review under the Minnesota statute is unavailable because the state public defender's office has declined to represent him and he believes he will not be allowed to proceed on his own behalf. We note, however, that the statutory language anticipates pro se litigants. *See* Minn.Stat. § 590.02, Subd. 3 ("In those cases in which the petitioner is represented by counsel *or in which the petitioner has filed a written waiver of right to counsel....*") (emphasis supplied). We were advised at oral argument by the appellee that appellant has filed a pro se petition for state post-conviction relief. To date no action has been taken on that petition. The appellee further represented to the court, however, that appellant not only could obtain a hearing in state court on his petition by simply filing a motion requesting such a hearing, but also that if a conflict with the public defender exists the state court will consider appointing other counsel.