_____

No. 95-2801

_____

Clarence Victor,                        *
                                        *
            Appellee,                   *
                                        *  Appeal from the United States
     v.                                 *  District Court for the
                                        *  District of Nebraska.
Frank X. Hopkins,                       *
                                        *
            Appellant.                  *


_____

          Submitted:  December 14, 1995

             Filed:  July 19, 1996
_____

Before BOWMAN and LOKEN, Circuit Judges, and WOLLE,* District Judge.
_____

BOWMAN, Circuit Judge.


     Pursuant to 28 U.S.C. § 1292(b) (1994), the District Court has
certified the following question for our consideration:

     Can and should a federal district court in a federal habeas
     corpus action involving the death penalty hold the federal case
     in abeyance, retaining jurisdiction and maintaining the stay
     against execution, to allow the petitioner to exhaust his state
     remedies in a situation where it is unclear under state law
     that state procedures are available to the petitioner to raise
     his claims in state court?

We answer this question in the negative, holding that the proper course of
action for a district court in these circumstances is to

_____

     *The HONORABLE CHARLES R. WOLLE, Chief Judge, United
     States District Court for the Southern District of Iowa,
     sitting by designation.

dismiss the petition for a writ of habeas corpus, put the petitioner to his state remedies, and lift the federal stay of execution.

I.

The evidence presented at Victor's trial in state court overwhelmingly proved that on December 26, 1987, Victor murdered 82-year-old Alice Singleton in her home in Omaha, Nebraska, by slashing her throat several times. Victor had been Singleton's gardener. A jury found Victor guilty of first degree murder and use of a weapon to commit a felony. A three-judge sentencing panel imposed the death penalty. On direct appeal, the Nebraska Supreme Court affirmed Victor's conviction and the imposition of the death penalty. State v. Victor, 457 N.W.2d 431 (Neb. 1990), cert. denied, 498 U.S. 1127 (1991). Victor's effort at obtaining relief through state post-conviction proceedings was similarly unsuccessful. State v. Victor, 494 N.W.2d 565 (Neb. 1993), aff'd, 511 U.S. 1 (1994).

On September 2, 1994, Victor, representing himself, filed a petition for a writ of habeas corpus, a motion for appointment of counsel, a motion for a stay of execution, and a motion to proceed in forma pauperis. The District Court, having jurisdiction to "entertain an application for a writ of habeas corpus" pursuant to 28 U.S.C. § 2254 (1994), granted Victor's motions for appointment of counsel and for a stay of execution and granted in part his motion to proceed in forma pauperis. Victor's appointed counsel filed an amended petition for a writ of habeas corpus on January 17, 1995. In that petition, Victor makes numerous claims for relief. Later, Victor realized that some of the claims in his amended petition never have been presented to the Nebraska state courts either on direct appeal or in post-conviction proceedings. Victor then requested the District Court to hold his petition in abeyance and maintain the stay of execution while he attempted to

raise these claims in a second state petition for post-conviction relief. The District Court granted Victor's motion over the state's objection.

In its order granting Victor's motion to hold his petition in abeyance and maintain the stay of execution, the District Court certified that the question set out above is "a controlling question of law as to which there is substantial ground for difference of opinion" and "that an immediate appeal from the order may materially advance the ultimate termination of the litigation." Victor v. Hopkins, Mem. & Order at 20, No. 4:CV94-3263 (D. Neb. June 15, 1995) (quoting 28 U.S.C. § 1292(b) (1994)). The state then petitioned this Court for permission to appeal the interlocutory order of the District Court. We granted the petition, and we thus have jurisdiction over this appeal pursuant to 28 U.S.C. § 1292(b).

II.

The state argues that the District Court abused its discretion when it granted Victor's motion because both this Court and the Supreme Court have held that federal courts must dismiss habeas petitions that include both exhausted and unexhausted claims unless either the petitioner chooses to proceed on his exhausted claims only or the state waives the requirement of exhaustion. In this case, the state argues that it has waived exhaustion and, to a certain extent, urges that the case proceed to a decision on the merits.[1] Victor argues that, under other precedents of this Court, the District Court has the discretion to retain jurisdiction over a habeas petition pending a petitioner's exhaustion of state-court remedies and that the state's qualified waiver of the exhaustion

_____

[1]As discussed below, the state does not waive its defense that Victor's new claims are procedurally defaulted because they were not raised in his first state-court petition for post-conviction relief.

-3-

requirement is insufficient to allow the District Court to reach the merits of his petition at this time.

## A.

As an initial matter, we must consider whether the state has waived the exhaustion requirement. If the state's waiver was effective, the question certified by the District Court would be moot. Exhaustion would not be necessary, and the District Court could choose to continue its proceedings on Victor's habeas petition rather than holding it in abeyance. We conclude, however, that the state's waiver of the exhaustion requirement was not effective.

The parties agree that Victor's petition includes some new, unexhausted claims. In certain circumstances, a federal district court can consider the merits of an unexhausted claim when the exhaustion requirement has been waived by the state. See Hampton v. Miller, 927 F.2d 429, 431 (8th Cir. 1991). The decision to accept a waiver of the exhaustion requirement is committed to the discretion of the district court. Id. We have held that when the availability of a state procedure is in doubt, federal courts "should be hesitant to accept State waivers of the exhaustion defense." Duvall v. Purkett, 15 F.3d 745, 747 (8th Cir.), cert. denied, 114 S. Ct. 2753 (1994).

In its brief, the state argues that it has waived the exhaustion requirement. The District Court rejected that argument, holding that the state did not waive the exhaustion requirement because the state retained the right to argue that Victor's new claims for relief were procedurally defaulted in state court. Victor v. Hopkins, Mem. & Order at 7 n.5, 11 n.6, No. 4:CV94-3263 (D. Neb. June 15, 1995). We agree with the District Court's analysis of this issue. On the one hand the state argues that the availability of a state-court procedure to address Victor's new

claims is uncertain; on the other hand, the state argues that Victor's new claims have been procedurally defaulted in state court because he failed to raise them in his first petition for post-conviction review. It seems to us that the questions of whether Victor has an available state-court procedure to raise his new claims and whether Victor has procedurally defaulted those claims are one and the same. The state's brief reveals the flaw in the state's argument:

> In order to be "exhausted" a claim must be "fairly presented" to [the state courts]. . . . That Victor has not done. . . .
>
> Default . . . is the antithesis of "fair presentment". [sic] It is the price a litigant pays for failure to "fairly present" a claim within the procedural structures afforded by the state courts.

Hopkins's Brief at 15. The state is willing to forego the requirement that Victor fairly present his new claims to the state courts but wants to penalize Victor for failing to fairly present his claims. The state's purported waiver, as the District Court properly held, is not an unqualified waiver of the exhaustion requirement, and the District Court did not err when it refused to accept the state's waiver of the exhaustion requirement.

Having held that the state has not effectively waived the exhaustion requirement in this case, we now consider the proper procedure to be employed by a district court when faced with a habeas petition that includes both exhausted and unexhausted claims.

B.

The District Court has asked us whether it has the authority to hold in abeyance this petition for the writ of habeas corpus, thus retaining jurisdiction over the case, while Victor attempts to

-5-

exhaust his remedies in state court.  This is a question of law that we review <u>de novo</u>.

The statute governing habeas procedures provides as follows:

> An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

28 U.S.C. § 2254(b) (1994).  The exhaustion requirement "is grounded primarily upon the respect which federal courts have for the state judicial processes and upon the administrative necessities of the federal judiciary."  <u>Wade v. Mayo</u>, 334 U.S. 672, 679 (1948).  A federal court may "properly intervene" only when "state remedies have been exhausted without the federal claim having been vindicated" because state and federal courts share the same responsibility to protect the constitutional rights of criminal defendants.  <u>Id.</u>  We cannot assume that state courts fail to carry out that responsibility.  <u>Id.</u>  It is the duty of this Court "to give preference to such principles and methods of procedure as shall seem to conciliate the distinct and independent tribunals of the states and of the Union, so that they may co-operate as harmonious members of a judicial system co-extensive with the United States, and submitting to the paramount authority of the same constitution."  <u>Ex parte Royall</u>, 117 U.S. 241, 252 (1886) (quoting <u>Taylor v. Carryl</u>, 61 U.S. (20 How.) 583, 595 (1858)).  "[O]nly `in rare cases where exceptional circumstances of peculiar urgency are shown to exist'" will a federal court entertain an unexhausted claim and thereby "interfere with the administration of justice in the state courts."  <u>Ex parte Hawk</u>, 321 U.S. 114, 117 (1944) (quoting <u>United States ex rel. Kennedy v. Tyler</u>, 269 U.S. 13, 17 (1925)).  Such circumstances exist when, for

example, state remedies are inadequate or fail to "afford a full and fair adjudication of the federal contentions raised."  Id. at 118.

In Rose v. Lundy, 455 U.S. 509 (1982), the Supreme Court applied these principles to a case in which the habeas petition included both exhausted claims and claims that had not been presented to a state court. Justice O'Connor's opinion states at the outset that "[b]ecause a rule requiring exhaustion of all claims furthers the purposes underlying the habeas statute, we hold that a district court must dismiss such `mixed petitions.'"  Id. at 510.  The petitioner then either may return to state court to exhaust his claims or file an amended petition in federal court including only exhausted claims.  Id.  The Court explicitly adopted a "total exhaustion" rule, rejecting the precedents of this Court, such as Tyler v. Swenson, 483 F.2d 611, 614 (8th Cir. 1973), that had permitted district courts to review exhausted claims rather than dismissing mixed petitions.  Rose, 455 U.S. at 522, 513 n.5.  On the other hand, the Court approved of our precedents, such as Triplett v. Wyrick, 549 F.2d 57, 59 (8th Cir. 1977), that required district courts to dismiss those mixed petitions that included both exhausted and unexhausted claims.  Rose, 455 U.S. at 519.  The Court characterized its holding as "a simple and clear instruction to potential litigants:  before you bring any claims to federal court, be sure that you first have taken each one to state court."  Id. at 520.

Despite the apparent clarity of the holding of Rose v. Lundy, this Court has not always required the dismissal of petitions containing unexhausted claims.[2]  As the District Court noted in its

_____

[2]We have explicitly recognized several exceptions to the general rule stated in Rose v. Lundy that we believe are consistent with the Supreme Court's opinion in that case.  For example, we have held that a district court may consider mixed petitions when the unexhausted claims do not state claims for relief based on federal constitutional rights and thus are not cognizable under 28 U.S.C. § 2254.  See Martin v. Solem, 801 F.2d 324, 331 (8th Cir. 1986).  We have also permitted a district court to dismiss a petition with prejudice, rather than dismissing without prejudice to later refiling, when the court concluded that the claims made in the petition were frivolous.  See Veneri v. Missouri, 734 F.2d 391,

-7-

memorandum and order, and as the state acknowledges on appeal, we have, "over time, both ordered abeyance and affirmed denial of a requested abeyance in cases where `mixed' petitions were before the district courts." Hopkins's Brief at 11. The certified question we here answer enables us to untangle this thicket.

Victor has directed our attention to three cases in which we have stated that district courts have discretionary authority to hold habeas petitions in abeyance and maintain stays of execution pending exhaustion of state remedies. In Collins v. Lockhart, we relied on Rose v. Lundy to reverse the district court's denial of a habeas petition that contained both exhausted and unexhausted claims. 707 F.2d 341, 344 (8th Cir. 1983). In conclusory fashion, however, we stated that our remand to the district court was "with instructions to retain jurisdiction and hold the case in abeyance under the existing stay of execution pending Collins' prompt presentation to the Arkansas Supreme Court of all his federal constitutional claims." Id. In Collins, we recognized that after Rose v. Lundy it clearly was not proper to deny a habeas petition merely because of the presence of unexhausted claims, but we fashioned a course of action without reference to the dismissal rule explicitly announced in Rose v. Lundy. Our opinion does not contain any analysis of the issue nor does it indicate whether the

---

393 (8th Cir. 1984) (applying 28 U.S.C. § 1915(d)). Other exceptions to the Rose v. Lundy rule include cases in which exhaustion would be futile or cases in which the state has waived the exhaustion requirement. See Duvall v. Purkett, 15 F.3d 745, 746 (8th Cir.), cert. denied, 114 S. Ct. 2753 (1994). None of these exceptions, of course, is in play in this case. (We already have held that the state has not waived the exhaustion requirement. See supra part II.A.)

abeyance issue was briefed by the parties or a subject of controversy between the parties.[3]

After Collins, we made at least three additional conclusory statements, either in dicta or without independent analysis of the issue, regarding the authority of a court to hold a mixed petition in abeyance. Collins was cited as the sole authority for the proposition that a federal court may retain jurisdiction and hold a petition in abeyance in Williams v. Wyrick, 763 F.2d 363, 366 (8th Cir. 1985). The question before us in Williams was whether a district court must retain jurisdiction pending exhaustion. We held that the district court could dismiss a mixed petition; thus we did not need to decide whether the court, in the first instance, even had the discretion to retain jurisdiction. Despite our statement that courts have such discretion, id., Williams does not contain any independent analysis of the issue and, in any event, reaches a result consistent with Rose v. Lundy: the mixed petition was dismissed. In Simmons v. Lockhart, 915 F.2d 372 (8th Cir. 1990), we again cited Collins for the proposition that a federal court can hold a mixed petition in abeyance pending exhaustion. Id. at 377. In Simmons, however, we were considering whether counsel's failure to file a state post-conviction-relief petition constitutes sufficient cause for a prisoner's failure to raise a claim in state court. We held that it did constitute sufficient cause. Citing Collins, we rejected the district court's concern that the federal habeas petition would have been dismissed and the stay of execution lifted had counsel filed a petition for post-conviction relief in state court. Id. The issue of the district court's authority to hold a petition in abeyance pending exhaustion

_____

[3]See also Simpson v. Camper, 927 F.2d 392, 393-94 (8th Cir. 1991) (holding, without citation to authority, that court of appeals could hold habeas case in abeyance pending exhaustion when it was unclear whether some claims are unexhausted), vacated, 974 F.2d 1030 (8th Cir. 1992). Both parties cited Simpson v. Camper in their briefs. We discourage citation of any vacated case as authority.

thus was, at best, tangential to the issues before the court in <u>Simmons</u>, and, as a result, the <u>Simmons</u> opinion contains no independent analysis of a court's authority to take such actions.

Through our independent research, we have discovered one additional case in which we noted the possibility of retaining jurisdiction while a prisoner pursued unexhausted claims in state court. In <u>Sloan v. Delo</u>, 54 F.3d 1371, 1381 (8th Cir. 1995), <u>cert.</u> <u>denied</u>, 116 S. Ct. 728 (1996), we stated that "[i]f a federal court is unsure whether a claim would be rejected by the state courts, the habeas proceeding should be dismissed without prejudice or stayed while the claim is fairly presented to them." In <u>Sloan</u>, however, the issue of the proper procedure to be followed in such cases was not decided because we held that any further state proceedings would be futile and thus proceeded to consider the petitioner's claims without requiring the petitioner to attempt to exhaust his state court remedies.

In contradistinction to <u>Sloan</u> and the cases cited by Victor, we have repeatedly adhered to the command of <u>Rose v. Lundy</u> in other cases. <u>See</u>, e.g., <u>Williams v. Groose</u>, 77 F.3d 259, 262 (8th Cir. 1996); <u>Mellott v. Purkett</u>, 63 F.3d 781, 784-85 (8th Cir. 1995); <u>Ashker v. Leapley</u>, 5 F.3d 1178, 1179-80 (8th Cir. 1993); <u>Gray v. Hopkins</u>, 986 F.2d 1236, 1237 (8th Cir.) (per curiam), <u>cert.</u> <u>denied</u>, 114 S. Ct. 112 (1993; <u>Shook v. Clarke</u>, 894 F.2d 1496, 1497 (8th Cir. 1990) (modifying order of dismissal so that dismissal would be without prejudice); <u>Nottlemann v. Welding</u>, 861 F.2d 1087, 1088-89 (8th Cir. 1988) (per curiam); <u>Irwin v. Minnesota</u>, 829 F.2d 690, 691 (8th Cir. 1987) (per curiam); <u>Snethen v. Nix</u>, 736 F.2d 1241, 1244, 1246 (8th Cir. 1984). These eight cases, however, have not clearly presented the precise issue we here decide. In <u>Williams v. Groose</u>, <u>Mellott</u>, <u>Gray</u>, <u>Shook</u>, <u>Nottlemann</u>, and <u>Irwin</u>, we were called upon to review decisions in which the district courts had dismissed mixed habeas petitions or required the petitioners to forego their unexhausted claims. In other words, we only needed to decide

-10-

whether compliance with Rose v. Lundy was permissible -- an easy question, indeed. In Ashker and Snethen, we reversed the district court's grant of the writ and remanded with instructions to dismiss the habeas petition without prejudice because it included both exhausted and unexhausted claims. 5 F.3d at 1178-79; 736 F.2d at 1246. Our opinions do not indicate whether any party argued that the case should have been remanded to allow the district court to consider whether to dismiss the petition or hold it in abeyance pending exhaustion. In this case, however, we are asked explicitly to decide whether Rose v. Lundy leaves open the possibility of a district court's retaining jurisdiction and holding a habeas case in abeyance pending exhaustion rather than requiring dismissal. As far as we can see, this Court never squarely has been presented with the precise issue that now is before us in this case.

We conclude that any suggestion in our prior cases that a district court has broad discretion to hold in abeyance a habeas petition including both exhausted and unexhausted claims pending exhaustion of state remedies is contrary to the Supreme Court's explicit directions in Rose v. Lundy. Except for cases of the sort noted earlier, see supra note 2, a mixed petition must be dismissed or the petitioner must elect to proceed on only the exhausted claims. The District Court in this case, after considering our prior cases, noted that Collins, Simmons, and Williams failed to "articulate standards by which" the court could determine "whether holding this case in abeyance and maintaining the existing stay of execution is appropriate." Victor v. Hopkins, Mem. & Order at 19. We agree. Moreover, we do not believe that Sloan and the cases cited by the District Court can be squared with Rose v. Lundy. The correct view is represented by our line of cases, cited earlier in this opinion, in which we have given recognition to the clear teaching of Rose v. Lundy regarding the treatment of mixed petitions. Accordingly, we hold that the District Court has no authority to hold Victor's mixed petition in abeyance or to

-11-

maintain the stay of execution.  The choices stated in Rose v. Lundy are the only options available to a habeas petitioner.

Our decision is bolstered by the Supreme Court's post-Rose v. Lundy practice.  The Court twice has granted certiorari in cases involving mixed petitions and summarily disposed of them.  In Duckworth v. Cowell, the Court remanded the case to the Seventh Circuit and directed that court to instruct the district court to dismiss the petition.  455 U.S. 996 (1982) (mem.) (citing Rose v. Lundy, 455 U.S. 509 (1982)).  In Bergman v. Burton, the Court vacated the Sixth Circuit's decision and remanded the case for further consideration in light of Rose v. Lundy.  456 U.S. 953 (1982) (mem.).[4]  The Court has not wavered from the rule it announced in Rose v. Lundy, consistently using mandatory language when describing that rule. See Castille v. Peoples, 489 U.S. 346, 349 (1989) ("Respondent's habeas petition should have been dismissed if state remedies had not been exhausted as to any of the federal claims."); Teague v. Lane, 489 U.S. 288, 325 (1989) (Stevens, J., concurring) ("In Rose v. Lundy, 455 U.S. 509 (1982), the Court announced that a habeas petition containing exhausted and unexhausted claims must be dismissed."); Engle v. Isaac, 456 U.S. 107, 124 n. 25 (1982) ("If [an unexhausted] claim were present, Rose v. Lundy, 455 U.S. 509 (1982), would mandate dismissal of the entire petition."); see also Richards v. Solem, 693 F.2d 760, 763

---

[4]Justice Stevens dissented, arguing that dismissal of the petition, the result he believed would be required by the Court's order, would cause unwarranted delay.  He noted that the unexhausted claim was not addressed by the Sixth Circuit and was not one of the issues raised in the petition for certiorari.  Thus the petitioner could refile his petition without the unexhausted claim and the litigation would substantively be repeated right up to the refiling of the very same certiorari petition that was before the Court that day.  Bergman v. Burton, 456 U.S. 953, 953-55 (1982) (Stevens, J., dissenting).  Justice Stevens also dissented from the Court's decision in Rose v. Lundy, 455 U.S. at 538-50, but he nonetheless recognized what the rule in that case required: dismissal of habeas petitions that include exhausted and unexhausted claims.

Cir                    Lundy                                                      a

ismiss a `mixed' petition."), _____ _____, 461 U.S.

Romano v. Wyrick                    n.3 (8th Cir. 1982) ("____

adopted                                                                          s


In the present case, Victor argues that the state may execute hi

prior                              state-court remedies.  The District Court


> the state offers me no assurance that it will not s
> Nebraska             a death warrant if I lift the existing
>     of execution.  Thus, if I lift the stay . . . and th
> state  ecures a death warrant . . . . I would undoubtedly b
> face  with another motion for a stay of execution, which
> would be required to grant.

_____, Mem. & Order at 19.  Nothing in the record, however

ind     that Nebraska state courts are without authority to grant (o

would                          litigates his claims in state court.  To

ka statutes place authority to suspend the execution

  a death sentence in the

Otey _____, 485 N.W.2d 153, 164 (Neb. 1992) (citing Neb. Rev. Stat

§§                                                                               s

while federal constitutional claims are

but    have no reason to think that the Nebraska Supreme Court woul

countenance the execution of a prisoner in such circumstances any more tha

we    d.  ___ _____, 763 F.2d at 366 (leaving question o

stay pending exhaustion to state courts because

set                              stays existed).  We certainly may

  assum                                                                          r

  he is pursuing his state remedies.  ___ _____, 334 U.S. a

679.

III.

For the reasons stated, the judgment of the District Court is reversed, and the case is remanded with directions to dismiss Victor's petition for a writ of habeas corpus and to lift the stay of execution.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.