**Antonio HUDSON, Petitioner–Appellant,**

v.

**Bill MARTIN, Director Michigan Department of Corrections, Respondent–Appellee.**

**No. 99–2294.**

United States Court of Appeals, Sixth Circuit.

March 22, 2001.

Before MERRITT, NELSON, and SUHRHEINRICH, Circuit Judges.

*ORDER*

Antonio Hudson, a pro se Michigan prisoner, appeals a district court order dismissing without prejudice his petition for a writ of habeas corpus. *See* 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1990, a jury convicted Hudson of two counts of kidnaping, one count of criminal sexual conduct, and one count of assault. The court sentenced him to fifteen to thirty years of imprisonment on the two kidnaping charges and the criminal sexual conduct charge, and two to four years for assault. Hudson's direct appeal and mo-

tion for relief from judgment were unsuccessful. He filed his petition for a writ of habeas corpus in the district court in June 1999. Hudson raised seven claims, including ineffective assistance of trial and appellate counsel. He also filed a motion to stay the proceedings. The district court denied the motion to stay and dismissed the petition without prejudice for failure to exhaust state court remedies. Hudson filed a motion for reconsideration and a motion for rehearing. The district court denied the motions but granted Hudson a certificate of appealability on the issue of dismissing the petition without prejudice in lieu of staying the proceedings.

On appeal, Hudson reasserts the claims from his habeas petition and argues that the district court misconstrued his motion for a stay because he has no unexhausted claims. He has moved for the appointment of counsel and for other miscellaneous relief.

■ When reviewing a district court's disposition of a petition for a writ of habeas corpus, this court reviews the district court's findings of fact for clear error and its conclusions of law de novo. *Lucas v. O'Dea*, 179 F.3d 412, 416 (6th Cir.1999).

■ Upon review, we conclude that the district court properly dismissed Hudson's petition without prejudice. When a habeas corpus petition contains claims that are exhausted as well as unexhausted, it is a mixed petition that should be dismissed in its entirety. *See Rose v. Lundy*, 455 U.S. 509, 522, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). Specifically, a district court faced with a mixed petition should dismiss it without prejudice rather than hold it in abeyance while the petitioner exhausts his state court remedies. *See Greenawalt v. Stewart*, 105 F.3d 1268, 1274–75 (9th Cir. 1997); *Christy v. Horn*, 115 F.3d 201, 206–07 (3d Cir.1997); *Victor v. Hopkins*, 90 F.3d 276, 282 (8th Cir.1996); *see also Mor-*

*ris v. Bell*, No. 96–5510, 1997 WL 560055, at *2 (6th Cir. Sept. 5, 1997) (affirming district court's decision to dismiss mixed petition without prejudice, rather than hold it in abeyance). After filing his petition, Hudson requested that the court grant him a stay under Fed.R.Civ.P. 62 and remand the matter back to the trial court for a hearing under *People v. Ginther*, 390 Mich. 436, 212 N.W.2d 922 (Mich. 1973), a state court proceeding for claims of ineffective assistance of counsel. Because Hudson asked to return to state court, the district court did not err by dismissing the petition as a mixed petition. *See Rose*, 455 U.S. at 522. Moreover, this is not a case where prompt federal intervention is required. *See Granberry v. Greer*, 481 U.S. 129, 134–36, 107 S.Ct. 1671, 95 L.Ed.2d 119 (1987); *O'Guinn v. Dutton*, 88 F.3d 1409, 1412–13 (6th Cir. 1996) (en banc).

Hudson's arguments on appeal are without merit. He argues that the district court misconstrued his request for a stay and that he has exhausted his state court remedies. Hudson, who was incarcerated in Virginia, states that his request for a stay was really a request for time to return to Michigan to have access to the courts and legal resources, and that he believed a stay was "generic to the United States District Court for Relief from Custody." Whatever Hudson intended, what he filed was a request to hold his habeas petition in abeyance while he pursued ineffective assistance of counsel claims in state court. The district court properly dismissed the petition without prejudice.

For the foregoing reasons, we deny all pending motions and affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.