**Antonio HUDSON, Petitioner–Appellant,**

v.

**Robert KAPTURE, Warden, Respondent–Appellee.**

No. 03–1235.

United States Court of Appeals, Sixth Circuit.

Aug. 3, 2004.

Before CLAY and GILMAN, Circuit Judges; MATIA, District Judge.*

## ORDER

Antonio Hudson appeals a district court judgment dismissing as untimely his petition for a writ of habeas corpus under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

In 1990, a jury convicted Hudson of kidnaping (two counts), first-degree criminal sexual conduct ("CSC"), and assault with a dangerous weapon. The court sentenced him to fifteen to thirty years on each of the two kidnapings and the CSC, and to two to four years on the assault, all to be served concurrently. His direct appeal and motion for relief from judgment were unsuccessful. On June 3, 1999, he sought federal habeas relief, but his petition was dismissed without prejudice for failure to exhaust state court remedies. *Hudson v. Martin*, 68 F.Supp.2d 798, 799–801 (E.D.Mich.1999). This court affirmed

---

* The Honorable Paul R. Matia, United States District Judge for the Northern District of Ohio, sitting by designation.

that dismissal. *Hudson v. Martin,* 8 Fed. Appx. 352, 352–53 (6th Cir.2001) (unpublished). In 2001, Hudson moved the district court to allow him to amend his habeas petition and requested that the filing of the amended petition relate back to the filing date of his original petition. Construing Hudson's request as a motion to reinstate the original petition, the district court granted both reinstatement and leave to file an amended petition that would relate back to the original filing date of June 3, 1999. The warden moved to dismiss on the ground that a filing by that date was beyond the statute of limitations. Agreeing, the district court summarily dismissed the petition with prejudice. The court later denied Hudson rehearing, but granted him a certificate of appealability on one issue: whether there is an actual innocence exception to the federal habeas statute of limitations. Hudson timely appealed.

Following briefing, this court directed the parties to file supplemental briefs on the following issue: whether Hudson's federal habeas petition was timely in light of *Abela v. Martin,* 348 F.3d 164 (6th Cir. 2003) (en banc) *cert. denied,* — U.S. —, 124 S.Ct. 2388, 158 L.Ed.2d 976 (2004). Hudson timely filed his supplemental brief. None has been received from the respondent as of this date.

■ As Hudson filed his federal petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), its standards govern. *Lindh v. Murphy,* 521 U.S. 320, 326–27, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). District court rulings on legal questions, on mixed questions of law and fact, and on procedural default issues are all reviewed de novo. *Scott v. Elo,* 302 F.3d 598, 602 (6th Cir.2002) (legal conclusions), *cert. denied,* 537 U.S. 1192, 123 S.Ct. 1272, 154 L.Ed.2d 1026 (2003); *Lott v. Coyle,* 261

F.3d 594, 606 (6th Cir.2001) (mixed questions and procedural default rulings).

■ We need not decide whether there is an actual innocence exception to AEDPA's statute of limitations, because Hudson's filing was within the statute of limitations. According to the district court's opinion and order of summary dismissal, the following is the timeline in Hudson's case: His conviction became final on May 23, 1996, thus triggering the start of the one-year statutory period for filing his habeas petition. 28 U.S.C. § 2244(d)(1)(A). The statute was tolled 116 days later, however, because he filed a state court motion for relief from judgment on September 16, 1996. 28 U.S.C. § 2244(d)(2). The state court denied him that relief, and on July 28, 1998, the Michigan Supreme Court denied leave to appeal. He did not seek certiorari to the United States Supreme Court. When the time for filing a § 2254 petition resumed, there were 249 days left in the statutory period.

The district court assumed that the statute had restarted on July 28, 1998 (the day the Michigan Supreme Court denied leave to appeal in Hudson's collateral litigation), rather than on October 26, 1998 (the last day Hudson could have sought certiorari in that collateral litigation). Based on this assumption, the district court concluded that Hudson's habeas deadline had been April 3, 1999 and, therefore, a June 3, 1999 filing was untimely.

At the time the district court ruled, however, it did not have the benefit of this court's decision in *Abela.* In that case, we decided when the tolling of the statute of limitations ended for a petitioner who had "properly filed [an] application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2). We held that the statute remained tolled "until the conclusion of the time for seeking Supreme Court review of the state's final judgment

on that application independent of whether the petitioner actually petitions the Supreme Court to review the case." *Abela*, 348 F.3d at 172–73. Once Hudson is given the benefit of the extra ninety days during which he could have sought certiorari, the last day on which he could have timely filed his federal petition becomes July 2, 1999. As he filed before then, his petition was timely.

Accordingly, the district court's judgment is vacated, and the case is remanded for proceedings consistent with this order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.