# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-4135

_____

Eric Randall Nance,              *
                                      *
           Petitioner,       *
                                      *   Appeal from the United States
      v.                         *   District Court for the Eastern
                                      *   District of Arkansas.
Larry Norris, Director,        *
Arkansas Department of      *        [PUBLISHED]
Correction,                  *
                                      *
           Respondent.     *

_____

Submitted: November 25, 2005
Filed: November 28, 2005

_____

Before MELLOY, BEAM, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

On January 24, 2005, petitioner filed a motion to remand his previously denied petition for writ of habeas corpus. The motion sought substantially the same relief as requested in the motion presently before the court. We construed the pleading as a second or successive habeas petition and denied the motion on February 9, 2005, for failure to meet the requirements of 28 U.S.C. § 2244(b)(2).

Now before the court is petitioner's further motion for stay of execution, and motion for leave to file a successive habeas corpus petition again asserting

substantially the same relief as previously requested. Because petitioner cannot satisfy the requirements of 28 U.S.C. § 2244(b)(2), we deny the motions.

MELLOY, Circuit Judge, dissenting.

I respectfully dissent from the denial of Nance's request to file a successive habeas. I would grant the request to file a successive habeas to raise a claim under Atkins v. Virginia, 536 U.S. 304 (2002) and would grant a stay of execution.

I believe Nance makes a compelling argument that as a practical matter he could not have amended his pending federal habeas action to raise the Atkins claim when Atkins was decided in June 2002. Nance correctly argues that our then-existing precedent regarding the treatment of mixed petitions placed him between a rock and a hard place. He could not amend his petition to add an (unexhausted) Eighth Amendment claim regarding mental retardation without risking the dismissal of his entire federal habeas petition (including his exhausted claims). See Victor v. Hopkins, 90 F.3d 276, 282 (8th Cir. 1996) (holding that a district court could not address a habeas petition that contained exhausted and unexhausted claims and that the district court must either dismiss the mixed petition or strike the unexhausted claims). Had he amended his petition, and had his amended petition been dismissed, a subsequent attempt to renew his claims would have been barred by the AEDPA's statute of limitations. See Duncan v. Walker, 533 U.S. 167, 172 (2001) (holding that the AEDPA's statute of limitations is not tolled during the pendency of a first habeas petition).

This left Nance the Hobbesian Choice of (1) risking a complete loss of federal review of all of his claims or (2) leaving his unexhausted Atkins claim to be raised in a subsequent petition. Since then, the Supreme Court has loosened restrictions on the treatment of mixed petitions. See Rhines v. Weber, 125 S.Ct. 1528, 1535 (2005) (holding that district courts have discretion to hold petitions in abeyance pending state

court proceedings to exhaust unexhausted claims and stating that our circuit had "erred to the extent [we] concluded that stay and abeyance is always impermissible"). In <u>Rhines</u>, the Supreme Court recognized that when it adopted the rule of complete exhaustion in <u>Rose v. Lundy</u>, 455 U.S. 509, 522 (1982), there was no statute of limitations on habeas petitions and "petitioners who returned to state court to exhaust their previously unexhausted claims could come back to federal court to present their perfected petitions with relative ease." <u>Rhines</u>, 125 S.Ct. at 1533. The Court in <u>Rhines</u>, therefore, recognized the draconian effect that a habeas corpus statute of limitations imposed when combined with the rule of complete exhaustion.

After <u>Rhines</u>, then, petitioners no longer must choose between risking complete dismissal or failing to raise a newly available, unexhausted claim in a first petition. In the present case, stay and abeyance is not at issue because the first habeas is closed. Accordingly, to be consistent with <u>Rhines</u>, we should permit Nance the opportunity to raise an <u>Atkins</u> claim in a subsequent petition. This is especially true in light of the fact that Nance has presented evidence in the form of a psychologist's affidavit that tends to show his claims of mental retardation may have merit. <u>See</u> <u>Rhines</u>, 125 S.Ct. at 1535 (stating that it may be an abuse of discretion for a district court to deny a stay and dismiss a mixed petition if there was good cause for the failure to exhaust, the unexhausted claims are potentially meritorious, and the petitioner has not engaged in intentionally dilatory litigation tactics).

In a very similar case, the Fifth Circuit granted the stay of execution and appointed counsel to prepare a petition raising an <u>Atkins</u> claim. <u>Hearn v. Dretke</u>, 376 F.3d 447 (5th Cir. 2004). Although the Fifth Circuit did not address the issue of whether a successive habeas would be allowed in that case, the court did discuss at some length whether appointment of counsel to raise an <u>Atkins</u> claim wold be futile under circumstances similar to ours. The Fifth Circuit found that if Hearn had attempted to amend his pending habeas complaint to raise an <u>Atkins</u> claim, he probably would have been required to dismiss the habeas action in order to return to

-3-

state court to exhaust state remedies. The result would have been that under the then state of the law, the dismissed claims would have been time barred. For the reasons discussed above, I think a similar result would have occurred in the Eighth Circuit.

Since Nance has made a prima facie showing of mental retardation (assuming that such a showing is required for a successive habeas), he had a valid reason not to amend his then-pending habeas petition to raise the <u>Atkins</u> claim and since <u>Atkins</u> had been made retroactive to pending cases, we should grant permission to file a successive habeas petition and stay the execution.

_____